UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

INTERMEDCORP, INC.,   Chapter 7
                      Case No. 12-63510-TJT
    Debtor.   Honorable Thomas J. Tucker
_____/

GENE R. KOHUT, Trustee

    Plaintiff,

v.   Adversary Proceeding
    No.

JOANNE L. ORTOLAN,

    Defendant.
_____/

## COMPLAINT

Gene R. Kohut, the Chapter 7 Trustee of the bankruptcy estate of Intermedcorp, Inc., by his attorneys Gold, Lange & Majoros, P.C., for his Complaint, states:

### Jurisdiction

1.    This is an adversary proceeding brought pursuant to Sections 542(b) and 550(a) of Title 11 of the United States Code and Fed. R. Bankr. P. 7001 to obtain a money judgment.

2.    This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(E) and 1334.

### Facts

3.    On October 22, 2012, Intermedcorp, Inc. ("the debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4.    Plaintiff Gene R. Kohut is the duly appointed Trustee of the debtor's Chapter 7 bankruptcy estate.

5. Joanne L. Ortolan ("defendant") is an individual who resides at 22271 West River, Road, Grosse Ile, Michigan 48138.

6. The debtor was a Michigan Corporation incorporated on February 27, 2003 by defendant, John Micallef, and Leonard Zuckerman. Defendant is a shareholder and officer of the debtor. Defendant maintained the books and records of the debtor, including the general ledger and check register at all times relevant to the complaint.

7. Prior to the bankruptcy filing the defendant obtained a loan from the debtor. As of the bankruptcy filing, the debtor's books and records show the amount defendant owes the debtor is $18,617.86 (the "loan balance").

8. On February 27, 2013, Plaintiff demanded payment of the loan balance. Defendant has refused to pay the loan balance or otherwise respond.

## COUNT I

Breach of Contract

9. Plaintiff incorporates the allegations contained in paragraphs 1 through 8 as if fully restated herein.

10. When defendant borrowed the money from the debtor, she promised to return it to debtor upon demand.

11. The debtor carried the amount loaned to defendant on its books and records as an unpaid loan receivable through the date of the debtor's Chapter 7 filing.

12. Defendant has refused to pay the loan balance she borrowed from the debtor to the bankruptcy estate.

13. Defendant's failure to return the loan balance upon demand constitutes a breach of contract. The Trustee is entitled to recover the loan balance for the benefit of the estate pursuant to 11 U.S.C. §542(b).

WHEREFORE, the Trustee requests entry of a judgment against defendant in the amount of $18,617.86 plus interest and such other relief as the Court deems just.

**COUNT II**

Action on Account

14. Plaintiff incorporates the allegations contained in paragraphs 1 through 13 as if fully restated herein.

15. The debtor carried a loan receivable on its books and records reflecting defendant's indebtedness to debtor in the amount of $18,617.86. This loan receivable was created by defendant with her full knowledge and consent.

16. Despite defendant's knowledge of the loan and her lack of objection to it, she refused to pay the loan balance when turnover was demanded by the Trustee.

WHEREFORE, the Trustee requests entry of a judgment against defendant in the amount of $18,617.86 plus interest and such other relief as the Court deems just.

**COUNT III**

Breach of Contract - Promissory Estoppel

17. Plaintiff realleges and incorporates by reference paragraphs 1 through 16 of this Complaint.

18. As inducement for the debtor to extend credit to defendant, defendant clearly and definitely promised to repay the debtor.

19. The debtor extended credit to defendant in reasonable reliance on defendant's promises.

20. Defendant knew or should have known that the debtor would rely on her promises.

21. Defendant has breached her promise to repay the debtor.

22. As a direct and proximate result of defendant's breach of her promises, Plaintiff has been damaged.

23. Under the circumstances, defendant's promises to repay must be enforced to prevent injustice.

24. The Trustee is entitled to recover the loan balance for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §542(b).

WHEREFORE, the Trustee requests that this Court enter a judgment in favor of Plaintiff and against defendant for promissory estoppel and enter a money judgment against defendant for the current amount due of $18,617.86.

                              Respectfully submitted,

                              GOLD, LANGE & MAJOROS, P.C.

Dated: March 18, 2013        By:   /s/ Elias T. Majoros
                                    ELIAS T. MAJOROS (P41040)
                                    Attorney for Plaintiff
                                    24901 Northwestern Highway, Suite 444
                                    Southfield, Michigan 48075
                                    (248) 350-8220
                                    emajoros@glmpc.com

H:\GLM CLIENTS - CH7 2005\Intermedcorp, Inc. (Kohut)\Kohut v Joanne Ortolan\Complaint.dal.doc