UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

INTERMEDCORP, INC.,   Chapter 7
  Case No. 12-63510-TJT
　Debtor.   Honorable Thomas J. Tucker
_____/

GENE R. KOHUT, Trustee

　Plaintiff,
  Adversary Proceeding
v.   No.

JOHN MICALLEF,

　Defendant.
_____/

# COMPLAINT

Gene R. Kohut, the Chapter 7 Trustee of the bankruptcy estate of Intermedcorp, Inc., by his attorneys Gold, Lange & Majoros, P.C., for his complaint, states:

### Jurisdiction

1. This is an adversary proceeding brought pursuant to Sections 542(b), 544(b) and 550(a) of Title 11 of the United States Code and Fed. R. Bankr. P. 7001 to obtain a money judgment.

2. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(E), 157(b)(2)(H), and 1334.

### Facts

3. On October 22, 2012, Intermedcorp, Inc. ("the debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. Plaintiff Gene R. Kohut is the duly appointed Trustee of the debtor's Chapter 7 bankruptcy estate.

5. John Micallef ("defendant") is an individual who resides at 20114 Longridge, Northville, Michigan 48167.

6. The debtor was a Michigan corporation incorporated on February 27, 2003 by defendant, Joanne Ortolan and Leonard Zuckerman. Defendant was an employee, a shareholder and officer of the debtor at all times relevant to the complaint.

7. Prior to the bankruptcy filing, the defendant obtained loans from the debtor. As of the bankruptcy filing, the debtor's books and records show the amount defendant owes the debtor is $11,506.79 (the "loan balance").

8. On February 27, 2013, plaintiff demanded payment of the loan balance. Defendant has refused to pay the loan balance or otherwise respond.

9. Prior to the bankruptcy filing, the defendant caused the debtor to make payments to or for his benefit by check or electronic funds transfer that were not recorded as loans as follows:

| **Date** | **Check Number** | **Amount** |
| --- | --- | --- |
| 11/8/10 | 2928 | $ 350.50 |
| 11/16/10 | EFT | $ 317.64 |
| 12/16/10 | EFT | $ 317.64 |
| 1/18/11 | EFT | $ 317.64 |
| 2/3/11 | 1671 | $ 500.00 |
| 2/16/11 | EFT | $ 317.64 |
| 3/16/11 | EFT | $ 317.64 |
| 4/18/11 | EFT | $ 317.64 |
| 5/16/11 | EFT | $ 317.64 |
| 6/6/11 | EFT | $ 330.22 |
| 6/16/11 | EFT | $ 317.64 |

| Date | Ref | Amount |
|---|---|---|
| 6/30/11 | 1696 | $ 600.00 |
| 7/18/11 | EFT | $ 317.64 |
| 7/25/11 | EFT | $ 13.98 |
| 8/2/11 | 1703 | $ 300.00 |
| 8/16/11 | EFT | $ 317.64 |
| 9/2/11 | 1709 | $ 500.00 |
| 9/16/11 | EFT | $ 317.64 |
| 10/17/11 | EFT | $ 317.64 |
| 11/4/11 | 1714 | $ 500.00 |
| 11/16/11 | EFT | $ 317.64 |
| 12/8/11 | 1719 | $ 500.00 |
| 12/9/11 | 2976 | $ 500.00 |
| 12/9/11 | 2983 | $ 500.00 |
| 12/16/11 | EFT | $ 317.64 |
| 1/17/12 | EFT | $ 317.64 |
| 2/16/12 | EFT | $ 317.64 |
| 2/27/12 | EFT | $ 7.00 |
| 2/27/12 | EFT | $ 2,000.00 |
| 3/16/12 | EFT | $ 317.64 |
| 4/16/12 | 2992 | $ 3,000.00 |
| 7/31/12 | 2993 | $ 1,500.00 |
| | | $16,501.58 |

("the Transfers"). The Transfers did not constitute wages or payroll compensation to defendant.

-3-
12-63510-tjt   Doc 37   Filed 03/29/13   Entered 03/29/13 09:23:51   Page 3 of 6

## COUNT I

### Breach of Contract

10. Plaintiff incorporates the allegations contained in paragraphs 1 through 9 as if fully restated herein.

11. When defendant borrowed the money from the debtor, he promised to return it to debtor upon demand.

12. The debtor carried the amount loaned to defendant on its books and records as an unpaid loan receivable through the date of the debtor's Chapter 7 filing.

13. Defendant has refused to pay the loan balance he borrowed from the debtor to the bankruptcy estate.

14. Defendant's failure to return the loan balance upon demand constitutes a breach of contract. Plaintiff is entitled to recover the loan balance for the benefit of the estate pursuant to 11 U.S.C. §542(b).

WHEREFORE, plaintiff requests entry of a judgment against defendant in the amount of $11,506.79 plus interest and such other relief as the Court deems just.

## COUNT II

### Action on Account

15. Plaintiff incorporates the allegations contained in paragraphs 1 through 14 as if fully restated herein.

16. The debtor carried a loan receivable on its books and records reflecting defendant's indebtedness to debtor in the amount of $11,506.79. This loan receivable was created by defendant with his full knowledge and consent.

17. Despite defendant's knowledge of the loan and his lack of objection to it, he refused to pay the loan balance when payment was demanded by plaintiff.

WHEREFORE, the Trustee requests entry of a judgment against defendant in the amount of $11,506.79 plus interest and such other relief as the Court deems just.

## COUNT III

### Breach of Contract - Promissory Estoppel

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17 of this Complaint.

19. As inducement for the debtor to extend credit to defendant, defendant clearly and definitely promised to repay the debtor.

20. The debtor extended credit to defendant in reasonable reliance on defendant's promises.

21. Defendant knew or should have known that the debtor would rely on his promises.

22. Defendant has breached his promise to repay the debtor.

23. As a direct and proximate result of defendant's breach of his promises, plaintiff has been damaged.

24. Under the circumstances, defendant's promises to repay must be enforced to prevent injustice.

25. Plaintiff is entitled to recover the loan balance for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §542(b).

WHEREFORE, the Trustee requests that this Court enter a judgment in favor of plaintiff and against defendant for promissory estoppel and enter a money judgment against defendant for the current amount due of $11,506.79.

## COUNT IV

### Unauthorized Distribution to Shareholders

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 of this Complaint.

27. The Transfers constitute a "Distribution" within the meaning of M.C.L. § 450.1106(4) and are recoverable under M.C.L. § 450.1345.

28. At the time of and/or as a result of the Transfers to defendant, the debtor's total assets were less than the sum of its total liabilities.

29. At the time of the Transfers, the debtor was unable to pay its debts as the debts came due in the usual course of business.

30. Defendants received the Transfers with knowledge of facts indicating that the Transfers were made in violation of M.C.L. § 450.1345.

31. The Transfers constitute unauthorized distributions by the debtor to or for the benefit of defendant, which plaintiff may recover pursuant to M.C.L. §§ 450.1345(3) & 450.1551(3) and 11 U.S.C. §§ 544 & 550.

WHEREFORE, plaintiff demands judgment in its favor against defendant in the amount of $16,501.58 plus pre-judgment interest from the date of the filing of the complaint under M.C.L. § 600.6013(8) and granting such other and further relief as the Court deems just.

Respectfully submitted,

GOLD, LANGE & MAJOROS, P.C.

Dated: March 29, 2013    By:   /s/ Elias T. Majoros
ELIAS T. MAJOROS (P41040)
Attorney for Plaintiff
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
emajoros@glmpc.com

H:\GLM CLIENTS - CH7 2005\Intermedcorp, Inc. (Kohut)\Kohut v John Micallef\Complaint.dal.doc