

# UNITED STATES BANKRUPTCY COURT
## EASTERN DIVISION OF MICHIGAN
### SOUTHERN DIVISION

In re:

**INTERMEDCORP, INC.**

      Debtor.

_____/

Case No. 12-63510-TJT

Chapter 7
Hon. Thomas J. Tucker

## JOHN MICALLEF AND JOANNE L. ORTOLAN'S RESPONSE TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER REQUIRING JOHN MICALLEF AND JOANNE L. ORTOLAN TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT OF COURT

John Micallef and Joanne L. Ortolan response to the Chapter 7 Trustee's Motion for Order Requiring John Micallef and Joanne L. Ortolan to Show Cause why They Should not be Held in Contempt of Court for Failure to Comply with the February 25, 2013 Order Granting Trustee's Motion for Turnover, and states as follows:

### Jurisdiction

1.    In response to Paragraph No. 1, John Micallef and Joanne L. Ortolan states no response is required.

2.    In response to Paragraph No. 2, John Micallef and Joanne L. Ortolan states no response is required.

### Facts

3.    In response to Paragraph No. 3, John Micallef and Joanne L. Ortolan admit.

4.    In response to Paragraph No. 4, John Micallef and Joanne L. Ortolan admits they owned and operated Debtor Michigan Corporation on that date, however, denies it was medical consulting business. The Debtor was a medical billing business which is contrastingly different.

5.    In response to Paragraph No. 5, John Micallef and Joanne L. Ortolan, admit.

6.    In response to Paragraph No. 6, We have provided information as requested, however;

   a. Some information that has been requested does not exist; which a response and explanation was given at the time of request;

   b. Some request were vague and since John Micallef and Joanne L. Ortolan were unsure what information was needed, requested clarification and the standard answer was "everything";

   c. Some information is not in the possession or control of the John Micallef and Joanne L. Ortolan and the Trustee was notified of this;

   d. The majority of documents requested are electronic records and do not exist in original paper format. They were printed and hand delivered to Trustee's attorney multiple times but Trustee's attorney said they were not sufficient because Trustee's attorney wanted original paper copies that simple do not exist.

7.    In response to Paragraph No. 7, John Micallef and Joanne L. Ortolan turned over all of the debtors financial and corporate records in their possession or that could be reasonably obtained.

8.    In response to Paragraph No. 8, John Micallef and Joanne L. Ortolan admit and complied with the Order to the best of our ability.

9.    In response to Paragraph No. 9, John Micallef and Joanne L. Ortolan admit and complied with the Order to the best of our ability.

2

10. In response to Paragraph No. 10, John Micallef and Joanne L. Ortolan, admit.

11. In response to Paragraph No. 11:

1. Tax information - although this was not ordered by this court pursuant to the February 25th Order, we have turned them over the following:

   a. 2012 W-2s; and

   b. ADP Yearend Payroll reports; completed dated April 8, 2013.

2. Each time this request has been made we have explained that we receive electronic transactions from the bank. We do not have, nor ever had possession of paper bank statements. All transactions are on the general ledger which has been provided multiple times.

3. Insurance policy number 92-PE-4876-5 has been cancelled for years. The insurance company will only issue the cover page which was provided. We do not have a copy of the policy.

4. There are no paper copies of client or vendor files. Everything has always been electronic and copies are on the server, which is in the possession of the Trustee's attorney.

5. No paper copies of any of these documents exist. They are all electronic. This request was never made pursuant to the February 25th Order with the possible exception of accounts payable and payable reports for January 2009 through the present which was completed. Subsequent verbal and email requests were made and were completed to the best of our ability. Remittances advices go electronically to the clients directly and are then

3

loaded onto our server by the client. The server is in the possession of the Trustee's attorney and Joanne Ortolan personally showed the Trustee's attorney how to navigate and abstract the subsequently requested information.

Payment records are in the general ledger which was previously turned over.

6. Copies of officer and employee expenses reports were never requested either pursuant to the February 25th Order or subsequently by Trustees attorney.

7. Requests related to Pat Doddie were never requested Pursuant to the February 25th Order or subsequently requested. However, during Joanne's 2004 exam, Joanne pointed out to Trustee's attorney where they were listed on the general ledger.

<u>Argument</u>

In order to hold a party in civil contempt, three requirements must be met. First, the court must find that a valid order of the court existed. Second, the party must have knowledge of the order prior to taking the action complained of. Third, the court must find that the party's conduct actually disobeyed the order.

We admit that an Order was entered on February 25, 2013 and had knowledge of the Order. However, there is no possible way that it can stated, construed, interpreted or alleged that we did not comply with that Order and the multitude of subsequent requests of Trustee's attorney. In fact, when comparing the documents that Trustee alleges were not turned over, the

4

February 25, 2013 Order, and our response as described above, it is clear that everything in our possession or control was turned over. It is also clear that the majority of what Trustee is claiming was not turned over was ever ordered by this Court to be turned over. Additionally, if the documents that were turned over were not to the Trustee's satisfaction for some reason, every attempt was made to fully understand what was being requested and such documents were turned over again.

We ask this Honorable Court to deny Trustee's Motion to enter an Order requiring John Micallef and Joanne L. Ortolan to show cause why they should not be held in contempt of court and deny the requests for costs.

Respectfully submitted,

Joanne L. Ortolan
Pro Se

John Micallef
Pro Se

5

FILED

2013 APR 26 A 11: 06

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

In the Matter of:

Chapter 7
Case No. 12-63510-TJT
Hon. Thomas J. Tucker

INTERMEDCORP, INC,

Debtor.
_____/

## PROOF OF SERVICE

The undersigned hereby certifies that on April _25___, 2013, I served a copy of Defendant's John Micallef and Joanne L Ortolan's Response to Chapter 7 Trustee's Motion for Order Requiring John Micallef and Joanne L Ortolan to Show cause why they should not be held in contempt of court. to the address below by UPS Overnight Priority Mail:

Clerk, U.S. Bankruptcy Court
Eastern District of Michigan
211 West Dort Street
Detroit, MI 48226
313-234-0065

Elias T. Majoros
24901 Northwestern Hwy.
Suite 444
Southfield, MI 48075
248-350-8220

By: _____
John Micallef
Pro Se

By: _____
Joanne L Ortolan
Pro Se