UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of:

                      Chapter 7
                      Case No. 12-63510-TJT
INTERMEDCORP, INC,         Hon. Thomas J. Tucker

      Debtor.
_____/

### SUPPLEMENTAL STATEMENT TO TRUSTEE'S MOTION FOR ORDER REQUIRING JOHN MICALLEF AND JOANNE L. ORTOLAN TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE FEBRUARY 25, 2013 ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER

    Chapter 7 Trustee Gene R. Kohut, by his attorneys Gold, Lange & Majoros, P.C. submits this supplemental statement to Trustee's Motion for Order Requiring John Micallef and Joanne L. Ortolan to Show Cause Why They Should Not Be Held in Contempt of Court for Failure to Comply with the February 25, 2013 Order Granting Trustee's Motion for Turnover (the "Motion") to further clarify the documents identified in the February 25, 2013 Order Granting Trustee's Motion for Order Compelling john Micallef and Joanne L. Ortolan to Turnover Records of the Debtor.

    1.    All bank account statements, cancelled checks and check registers for all closed and/or open accounts for the period January 1, 2009 through the present. Specifically, bank statements for debtor's Comerica bank account number ending 1676 for the period October 1, 2010 through August 31, 2012 and December 1, 2012 through December 31, 2012 and March 1, 2013 through March 31, 2013.

    2.    All documents relating to, referring to or evidencing all insurance policies. Specifically, the State Farm Insurance policy number 92-PE-4676-5.

    3.    Accounts payable and receivable reports for January 1, 2009 through the present. Specifically, all documents relating to, referring to or evidencing all accounts receivables identified on the A/R Aging Detail as of February 19, 2013, attached hereto as Exhibit A, including but not limited to the following documents:

a. all invoices;
   b. monthly production reports;
   c. all emails requesting payment; and
   d. any and all documents used to support Intermedcorp's claim that the amount listed on the A/R Aging Detail are in fact due.

4. All documents evidencing the sale or transfer of assets of the debtor to Promed Consulting Group, Inc.

5. Any and all documents relating to, referring to or evidencing any payments made by the debtor to shareholders and officers within the last six (6) years. Specifically, all documents relating to, referring to or evidencing all payments made to Intermedcorp, Inc. to pay back the loan balances owed by John Micallef and Joanne Ortolan, including but not limited to the following:

   a. 2012 W-2 for John Micallef;
   b. 2012 Form 940 and Form 941 of Intermedcorp. Inc.
   c. Any and all receipts not previously provided evidencing expenses incurred by John Micallef for which he was allegedly reimbursed by Intermedcorp, Inc. through the transfers identified and itemized in paragraph 9 of the trustee's complaint in Gold v Micallef, A.P. 13-04354-TJT.
   d. All documents relating to, referring to or evidencing all miles driven by John Micallef for which he was reimbursed through the transfers identified and itemized in paragraph 9 of the trustee's complaint in Gold v Micallef, A.P. 13-04354-TJT.
   e. All documents relating to, referring to or evidencing the following deposits into the debtor's Comerica bank account number ending 6176, including but not limited to any documents identifying the payee and source of each of the following deposits:

      i. $4,000.00 on 1/27/13;
      ii. $100.10 on 3/9/13;
      iii. $3,000.00 on 3/27/13;
      iv. $2,000.00 on 4/16/13;
      v. $5,000.00 on 5/2/13;
      vi. $1,000.00 on 6/14/13;
      vii. $700.00 on 6/25/13;
      viii. $1,000.00 on 6/29/13;
      ix. $1,000.00 on 7/16/13; and
      x. $2,000.00 on 8/13/13.

   f. Please identify any other deposits on the debtor's general ledger that have not already been identified in paragraph (e) above that defendants may rely on to evidence and support their claimed defenses in adversary

proceedings 13-04302 and 13-04354. Please also include documentation identifying the payee and source of each additional deposit.

    g.    Any and all other documents defendants intend to use to evidence and support all claimed defenses in adversary proceeding 13-04302 and 13-04354.

6. Fixed asset list, depreciation schedules for 2011 and 2012 <u>and</u> all documents evidencing disposition of personal property in 2011 and 2012.

7. All company computers and software along with applicable passwords, including but not limited to computers used after 2010.

    Respectfully Submitted,

    GOLD, LANGE & MAJOROS, P.C.

Dated: May 23, 2013    /s/ Scott Dewey
SCOTT DEWEY (P73327)
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
svdewey@glmpc.com