UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

INTERMEDCORP, INC.,      Chapter 7
   Case No. 12-63510-TJT
   Debtor.      Honorable Thomas J. Tucker
_____/

**MOTION FOR ENTRY OF ORDER AUTHORIZING**
**TRUSTEE TO COMPROMISE CLAIMS**

    Gene R. Kohut, the Chapter 7 Trustee of Intermedcorp, Inc., by his attorneys Gold, Lange & Majoros, P.C., submits this Motion pursuant to Fed. R. Bankr. P. 9014 and 9019(a), for entry of an Order Authorizing Trustee to Compromise Claims. (See Exhibit 1).

    IN SUPPORT of this Motion, the Trustee states:

**Jurisdiction**

    1.    This is a contested matter brought pursuant to Fed. R. Bankr. P. 9014 and 9019(a).

    2.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 (b)(1) & 1334.

**Facts**

    3.    On October 22, 2012 (the "petition date"), Intermedcorp, Inc. (the "debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

    4.    The debtor is a Michigan corporation incorporated on February 26, 2003. The debtor was engaged in the business of medical billing as an independent contractor for various health care providers in southeastern Michigan.

    5.    Gene R. Kohut ("Trustee") is the duly appointed Chapter 7 Trustee of the debtor's bankruptcy estate.

6. Joanne L. Ortolan is an individual who resides at 22271 West River Road, Grosse Ile, Michigan 48138. Ms. Ortolan was an officer and shareholder of the debtor.

7. John Micallef is an individual who resides at 20114 Longridge, Northville, Michigan 48167. Mr. Micallef was an officer and shareholder of the debtor.

8. The debtor's books and records showed a number of assets that constituted property of the bankruptcy estate, including: (1) an outstanding loan balance owed by Ms. Ortolan and Mr. Micallef (collectively, the "defendants") totaling approximately $30,000.00; (2) an avoidance claim against Mr. Micallef totaling approximately $16,500.00, on account of numerous monthly transfers to Mr. Micallef from the debtor that were not reported on the debtor's financial records as a distributions or loans; (3) a bank account balance of approximately $3,600.00 on the petition date that the Trustee believed may have been subsequently transferred to or for the benefit of ProMed Consulting Group, Inc. ("Promed").

9. On March 19, 2013, the Trustee filed a complaint against Ms. Ortolan seeking to recover the loan balance owed by Ms. Ortolan. Ms. Ortolan failed to properly answer the Trustee's complaint, resulting in an entry of default by the Clerk of the Court on or around May 8, 2013. This court entered a default judgment against Ms. Ortolan in the amount of $18,617.86 on May 16, 2013. Ms. Ortolan has sought settlement of this matter before moving the court to set aside the default judgment pursuant to Fed. R. Civ. P. 60(b). Ms. Ortolan vehemently denies the Trustee's allegations and asserts a number of defenses to the Trustee's claims. Specifically, Ms. Ortolan asserts that the debtor's financial records are inaccurate, incomplete and do not reflect the actual amount and nature of the transactions between herself and the debtor. For example, the debtor's financial records do not account for the personal financial contributions she made to the debtor which she asserts should have offset any alleged loan payable.

10. On March 29, 2013, the Trustee filed a complaint against Mr. Micallef seeking to recover the loan balance and prepetition transfers to Mr. Micallef. Mr. Micallef answered the Trustee's complaint on or around April 25, 2013. Mr. Micallef vehemently denies the Trustee's allegations and asserts a number of defenses to the Trustee's claims. Specifically, Mr. Micallef asserts that the debtor's financial records are inaccurate, incomplete and do not reflect the actual amount and nature of the transactions between himself and the debtor. For example, Mr. Micallef asserts that any alleged distributions paid to him were actually reimbursement for expenses he incurred in the course of conducting the debtor's business. In particular, Mr. Micallef claims the majority of the alleged distributions were reimbursement for monthly travel expenses. Further, the debtor's financial records do not account for the personal financial contributions he made to the debtor which he asserts should have offset any alleged loan payable.

11. The defendants have subsequently cooperated with the Trustee's investigation, met with Trustee's counsel and provided documentation and information to support their defenses, including but not limited to the debtor's reconciled 2012 year-end general ledger, supported by the debtor's bank statements and the financial records of Promed Consulting Group, Inc., which indicate that the defendant's used their reported distributions from Promed in 2012 to pay down any alleged loan balance owed to the debtor.

12. The defendants have offered to pay the estate the sum of $12,000.00 as settlement of the two (2) adversary proceedings in exchange for a limited release pursuant to the terms of the proposed order attached as Exhibit 1. The defendants have previously deposited $7,000.00 with the Trustee.

13. This proposed settlement will allow the Trustee to pay administrative expenses and fund a dividend to unsecured creditors.

## Argument

14. The Trustee believes that this settlement is in the best interest of the bankruptcy estate and its creditors for the reasons that, among others, the settlement saves the time and costs of further litigation, avoids the risk of an adverse decision, and results in a favorable settlement.

15. The Sixth Circuit Bankruptcy Appellate Panel has held that the bankruptcy court may approve a settlement if it is fair and equitable. Olson v. Anderson, 377 B.R. 865, 870 (B.A.P. 6th Cir. 2007).

16. The Sixth Circuit Bankruptcy Appellate Panel has also held that "[t]he court must weigh the conflicting interests of all relevant parties, 'considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors.'" Id. at 870-871 (citing Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988)).

17. The Trustee, in recommending that this Court approve the proposed compromise, has given due weight to the three (3) criteria set forth above and believes that the proposed compromise is fair, equitable and in the best interest of all relevant parties.

WHEREFORE, the Trustee requests that this Court enter an order approving a compromise of the bankruptcy estate's claims against Joanne L. Ortolan and John Micallef, authorizing the Trustee to accept the payment of $12,000.00 subject to the terms and conditions set forth in the attached proposed order, and permitting the Trustee to execute any further documents necessary to consummate the compromise.

Respectfully Submitted,

GOLD, LANGE & MAJOROS, P.C.

Dated: July 31, 2013
/s/ *Scott Dewey*
SCOTT DEWEY
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, MI 48075
(248) 350-8220
sdewey@glmpc.com
(P73327)

H:\GLM CLIENTS - CH 7 2005\Intermedcorp, Inc. (Kohut)\Universal Settlement\Motion to compromise with John Micallef and Joanne Ortolan (Filed).doc

- 5 -

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

INTERMEDCORP, INC.,

Debtor.
_____/

Chapter 7
Case No. 12-63510-TJT
Hon. Thomas J. Tucker

## ORDER AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS

This matter having come before the court upon the stipulation of the Chapter 7 trustee Gene R. Kohut, Joanne Ortolan, John Micallef and ProMed Consulting, Inc. for Entry of Order Authorizing Trustee to Compromise Claims (the "Stipulation") and the Motion for Entry of Order Authorizing the Trustee to Compromise Claims (the "Motion"); Notice of the Motion having been made to the matrix of creditors; no objections having been timely filed or served; and the court being duly advised in the premises:

IT IS HEREBY ORDERED that the trustee's Motion is granted.

IT IS FURTHER ORDERED that Joanne L. Ortolan, John Micallef and ProMed Consulting Group, Inc. ("Parties") are jointly and severally liable to the bankruptcy estate in the amount of $12,000.00. The Parties liability may be satisfied by making payments to the bankruptcy as follows: an initial payment of $7,000.00 shall be made upon execution of the Stipulation, followed by five (5) consecutive monthly payments of $1,000.00 each, beginning October 1, 2013, and continuing the 1st of each month until paid in full. The payments shall be made payable to "Gene R. Kohut, Trustee of Intermedcorp, Inc." and mailed to the trustee's counsel Scott Dewey, at Gold, Lange & Majoros, P.C., 24901 Northwestern Highway, Suite 444, Southfield, MI 48075.

# EXHIBIT 1

IT IS FURTHER ORDERED that in the event any payments described herein are late by five (5) calendar days and, after written notice of default, the default is not cured within ten (10) calendar days, this Order shall constitute a judgment and the trustee may take collection action under Fed. R. Civ. P. 69(a) to enforce the full amount of the Parties' liability due under this Order along with reasonable costs and attorney's fees incurred in collection after default, or $1,000.00, whichever amount is greater.

IT IS FURTHER ORDERED that upon entry of this Order and timely receipt by the trustee of the payments described herein, the trustee waives and releases the claims against John Micallef in Counts I, II, III and IV of the trustee's complaint in adversary proceeding case no. 13-04354-tjt; and upon entry of this Order the trustee shall submit to the court, and the court shall enter an order dismissing adversary proceeding case no. 13-04354-tjt with prejudice. Presentment of such order is waived.

IT IS FURTHER ORDERED that upon entry of this Order and timely receipt by the trustee of the payments described herein, the trustee waives and releases the claims against Joanne L. Ortolan in Counts I, II, & III of the trustee's complaint in adversary proceeding case no. 13-04302-tjt; and upon entry of this Order the trustee shall submit to the court, and the court shall enter an order setting aside the Default Judgment entered May 16, 2013, docket number 11, and dismissing adversary proceeding case no. 13-04302-tjt with prejudice. Presentment of such order is waived.

IT IS FURTHER ORDERED that upon entry of this Order and timely receipt by the trustee of the payments described herein, the trustee waives and releases all claims against ProMed Consulting Group, Inc. for turnover of disclosed property of the bankruptcy estate pursuant to 11 U.S.C. § 542(a).

IT IS FURTHER ORDERED that Joanne L. Ortolan, John Micallef and ProMed Consulting Group, Inc. waive and release any and all claims they may have against the trustee and the bankruptcy estate.

Form B20A(Official Form 20A)
Revised 12/1/10

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

INTERMEDCORP, INC.,　　　　　　　　　　　　　Chapter 7
　　　　　　　　　　　　　　　　　　　　　　　　Case No. 12-63510-TJT
　　　　　　Debtor.　　　　　　　　　　　　　　Honorable Thomas J. Tucker
_____/
17197 Laurel Park, Ste. 521
Livonia, MI 48152
Tax Id. #71-0943348

**NOTICE OF AND OPPORTUNITY TO RESPOND TO MOTION FOR ENTRY OF
ORDER AUTHORIZING TRUSTEE TO COMPROMISE TO COMPROMISE CLAIMS**

　　　　Gene R. Kohut, the Chapter 7 Trustee of Intermedcorp, Inc., by and through his counsel Gold, Lange & Majoros, P.C., has filed a Motion for Entry of Order Authorizing Trustee to Compromise Claims. The Trustee has filed an adversary proceeding seeking turnover of loan balances and prepetition distributions from Joanne L. Ortolan and John Micallef pursuant to 11 U.S.C. §§ 542(b) and 550(a), and have demanded turnover of the debtor's bank account balance on the date of the petition. Joanne L. Ortolan and John Micallef assert that the outstanding loan balances do not account for personal contributions made by them to the company, any distributions were reimbursement of expenses, and that the majority of the bank account balance was used for to pay for the debtor's necessary business expenses. Ms. Ortolan and Mr. Micallef have produced supporting documentation and otherwise resolved all outstanding issues with the Trustee.

　　　　The parties have agreed to settle both adversary proceedings and a release limited to the bankruptcy estate's specific claims, subject to Bankruptcy Court approval, in exchange for payments totaling $12,000.00 by Ms. Ortolan, Mr. Micallef and ProMed Consulting Group, Inc. to the bankruptcy estate. This settlement will allow the Trustee to pay administrative expenses and make a distribution to creditors. The Trustee believes that the proposed compromise is in the best interest of the bankruptcy estate.

　　　　**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

　　　　If you do not want the Court to grant the relief sought in the Motion or if you want the Court to consider your views on the Motion, within 21 days from the date this notice is served, you or your attorney must:

# EXHIBIT 2

1. File with the Court a written objection or request for hearing, explaining your position, at:[1]

United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the 21 day period expires. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Scott Dewey, Esq.
Gold, Lange & Majoros, P.C.
24901 Northwestern Hwy., Suite 444
Southfield, Michigan 48075

2. If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Respectfully Submitted,

GOLD, LANGE & MAJOROS, P.C.

Dated: July 31, 2013          /s/ *Scott Dewey*
                              SCOTT DEWEY
                              Attorneys for Trustee
                              24901 Northwestern Highway, Suite 444
                              Southfield, MI 48075
                              (248) 350-8220
                              sdewey@glmpc.com
                              (P73327)

H:\GLM CLIENTS - CH 7 2005\Intermedcorp, Inc. (Kohut)\Universal Settlement\Motion to compromise with John Micallef and Joanne Ortolan (Filed).doc

---

[1] Objection or request for hearing must comply with Fed. R. Civ. P. 8(b), (c) and (e)

- 2 -

12-63510-tjt    Doc 61    Filed 07/31/13    Entered 07/31/13 15:38:49    Page 10 of 12

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

INTERMEDCORP, INC.,                            Chapter 7
                                                           Case No. 12-63510-TJT
               Debtor.                          Honorable Thomas J. Tucker
_____/

## CERTIFICATE OF SERVICE

       I hereby certify that on July 31, 2013, I electronically filed *1) Motion for Entry of Order Authorizing Trustee to Compromise Claims, 2) Proposed Order Authorizing Trustee to Compromise Claims, 3) Notice of and Opportunity to Respond to Motion for Entry of Order Authorizing Trustee to Compromise Claims and 4) Certificate of Service* with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

     Office of the U.S. Trustee               Nicholas T. Chapie, Esq.
     211 W. Fort Street, Suite 700        Strobl & Sharp, P.C.
     Detroit, MI 48226                          300 E. Long Lake Rd., Ste. 200
                                                Bloomfield Hills, MI 48304

     Gene R. Kohut, Esq.
     Kohut Law Group, P.L.L.C.
     21 Kercheval Avenue, Suite 285
     Grosse Pointe Farms, MI 48236-3698

       I also hereby certify that on July 31, 2013 I mailed by First Class Mail with the United States Postal Service the *1) Motion for Entry of Order Authorizing Trustee to Compromise Claims, 2) Proposed Order Authorizing Trustee to Compromise Claims, 3) Notice of and Opportunity to Respond to Motion for Entry of Order Authorizing Trustee to Compromise Claims and 4) Certificate of Service* on the following non-ECF participants:

     Joanne L. Ortolan                       John Micallef
     22271 West River                       20114 Longridge
     Grosse Ile, MI 48138                   Northville, MI 48167

       I also hereby certify that on July 31, 2013 I mailed by First Class Mail with the United States Postal Service the *Notice of Motion for Order Authorizing Trustee to Compromise* to the following non-ECF participants:

## EXHIBIT 4

All parties listed on the matrix of creditors.

GOLD, LANGE & MAJOROS, P.C.

/s/ *Scott Dewey*
SCOTT DEWEY (P73327)
Attorneys for Trustee
24901 Northwestern Highway, Suite 444
Southfield, MI 48075
(248) 350-8220
sdewey@glmpc.com

H:\GLM CLIENTS - CH 7 2005\Intermedcorp, Inc. (Kohut)\Universal Settlement\Motion to compromise with John Micallef and Joanne Ortolan (Filed).doc