UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

INTERMEDCORP, INC.,

    Debtor.
_____/

Chapter 7
Case No. 12-63510-TJT
Judge Thomas J. Tucker

**ORDER RESOLVING JOINT OBJECTIONS OF CREDITORS
BIRMINGHAM ROYAL OAK MEDICAL GROUP AND CARSON CITY
HOSPITAL AND AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS**

This case is before the Court on the stipulation of the Chapter 7 Trustee Gene R. Kohut, Joanne Ortolan, John Micallef and ProMed Consulting, Inc. for entry of Order Authorizing Trustee to Compromise Claims (Docket # 93, the "Stipulation") and the Motion for Entry of Order Authorizing the Trustee to Compromise Claims (Docket # 61, the "Motion"); Notice of the Motion has been made to the matrix of creditors; Creditors Birmingham Royal Oak Medical Group ("BROMG") and Carson City Hospital ("CCH") (collectively, the "Creditors") filed joint objections to the Motion on August 21, 2013; no other objections were timely filed or served; this matter was heard by the Court on September 25, 2013 and January 8, 2014; Creditors have been granted leave to conduct discovery; this matter was subsequently referred to mediation which was held on or around June 5, 2014 before the Honorable Ray Reynolds Graves; and the Court being duly advised in the premises:

IT IS ORDERED that the Trustee's Motion is granted. The Trustee is authorized to compromise the following claims:

1. The loan reflected in Intermedcorp, Inc.'s general ledger to Joanne Ortolan in the amount of $18,617.86 as described in adversary proceeding number 13-04302-tjt.

2. The loan reflected in Intermedcorp, Inc.'s general ledger to John Micallef in the amount of $11,506.79 as described in adversary proceeding number 13-04354-tjt.

3. Transfers in the amount of $16,501.58 to John Micallef as specified by the trustee in paragraph 9 of the Complaint in adversary proceeding number 13-04354-tjt.

4. An alleged post-petition transfer of $3,600.00 from the bank account of Intermedcorp, Inc. to ProMed Consulting Group, Inc.

IT IS FURTHER ORDERED that this compromise does not resolve any other claim not specifically listed here against Joanne Ortolan, John Micallef, Promed Consulting Group, Inc. or others with respect to fraudulent transfers, preferences, alter ego, piercing the corporate veil or director liability.

IT IS FURTHER ORDERED that Joanne L. Ortolan, John Micallef and ProMed Consulting Group, Inc. ("Parties") are jointly and severally liable to the bankruptcy estate in the amount of $12,000.00, of which payment of $9,000.00 is hereby acknowledged. The Parties' remaining liability may be satisfied by making payments to the bankruptcy estate as follows: three (3) consecutive monthly payments of $1,000.00 each, beginning July 1, 2014, and continuing the 1st of each month until paid in full. The payments shall be made payable to "Gene R. Kohut, Trustee of Intermedcorp, Inc." and mailed to the trustee's counsel Scott Dewey, at Gold, Lange & Majoros, P.C., 24901 Northwestern Highway, Suite 444, Southfield, MI 48075.

IT IS FURTHER ORDERED that in the event any payments described herein are late by five (5) calendar days and, after written notice of default, the default is not cured within ten (10)

calendar days, this Order shall constitute a judgment and the trustee may take collection action under Fed. R. Civ. P. 69(a) to enforce the full amount of the Parties' liability due under this Order along with reasonable costs and attorney's fees incurred in collection after default, or $1,000.00, whichever amount is greater.

IT IS FURTHER ORDERED that upon entry of this Order and timely receipt by the trustee of the payments described herein, the trustee waives and releases only the claims specified in subparagraphs 1 through 4 of this Order. Further, upon entry of this Order the trustee shall submit to the Court, and the Court shall enter, an order dismissing adversary proceeding case numbers 13-04354-tjt and 13-04302-tjt with prejudice. Presentment of such orders is waived.

IT IS FURTHER ORDERED that Joanne L. Ortolan, John Micallef and ProMed Consulting Group, Inc. waive and release any and all claims they may have against the trustee and the bankruptcy estate.

IT IS FURTHER ORDERED that the trustee is authorized to agree to entry of the Judgment attached to the Stipulation as Exhibit A in favor of BROMG and against the debtor. It is agreed that if the BROMG Complaint relating to Exhibit A is filed and maintained as an Adversary Proceeding in this Court, then the Judgment will be entered in this Court. If said Complaint is filed in or transferred to state court, then the Judgment will be entered in state court. Upon entry of the Judgment, BROMG's general unsecured claim, proof of claim number 3, shall be allowed in the reduced amount of $186,122.84 and the Trustee waives and releases BROMG from the bankruptcy estate's claim for turnover of all outstanding accounts receivable owed by BROMG to the bankruptcy estate.

IT IS FURTHER ORDERED that the trustee is authorized to agree to entry of the Judgment attached to the Stipulation as Exhibit B in favor of CCH and against the debtor. It is agreed that if the CCH Complaint relating to Exhibit B is filed and maintained as an Adversary Proceeding in this Court, then the Judgment will be entered in this Court. If said Complaint is filed in or transferred to state court, then the Judgment will be entered in state court. Upon entry of the Judgment, CCH's general unsecured claim, proof of claim number 2, shall be allowed in the reduced amount of $756,878.72 and the Trustee waives and releases CCH from the bankruptcy estate's claim for turnover of all outstanding accounts receivable owed by CCH to the bankruptcy estate.

IT IS FURTHER ORDERED that the trustee agrees to allow creditors CCH and BROMG standing to pursue the bankruptcy estate's claims that include but are not necessarily limited to the following:

    (a)    Claims on behalf of InterMedCorp against its insurance carriers and insurance agents;

    (b)    Claims on behalf of InterMedCorp against its directors, including Joanne Ortolan, John Micallef and Leonard Zuckerman; and

    (c)    Preference and alter ego claims including claims against Joanne Ortolan, John Micallef and Promed Consulting Group, Inc.

The reasonable attorney fees with respect to such representation will only be paid from the proceeds, if any, of the above referenced claims, after bankruptcy court approval. CCH and BROMG are solely responsible for the payment of costs associated with the prosecution of such claims.

IT IS FURTHER ORDERED that CCH and BROMG waive and release any and all claims they may have against the Trustee and his professionals.

.

**Signed on July 03, 2014**

                                            /s/ Thomas J. Tucker
                                            Thomas J. Tucker
                                            United States Bankruptcy Judge